FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUDITH A. CALHOUN (02), <br><br> Defendant. | No.  4:18-cr-06012-SMJ-02 <br><br> **ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE FOR LACK OF JURISDICTION** |

Before the Court is Defendant Judith A. Calhoun's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 187. Defendant was sentenced to one month's incarceration and one year of supervised release on December 6, 2018. ECF Nos. 136, 137 & 146. Defendant was released from custody on January 31, 2019 and her one-year term of supervised release expired on January 30, 2020. *See* ECF Nos. 180, 187. Defendant filed this motion on March 18, 2020. ECF No. 183. Having reviewed the motion and the file in this matter, the Court is fully informed and dismisses this motion for lack of jurisdiction.

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 1

Section 2255 provides the following:

> A prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). A habeas petitioner must be "in custody" pursuant to the conviction or sentence being challenged at the time the petition for habeas corpus relief is filed. *Maleng v. Cook*, 490 U.S. 488, 491–92 (1989) (discussing the "in custody" requirement of 28 U.S.C. §2241(c)); *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) ("By its clear terms, § 2555 is applicable only to prisoners in custody claiming the right to be released."). The "in custody" requirement is jurisdictional in nature. *See Matysek v. United States*, 339 F.2d 389 (9th Cir. 1964).

Petitioners under a term of supervised release are "in custody" for the purposes of federal habeas relief. *United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002) (citing *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002)). However, a petitioner does not remain "in custody" after the sentence has been fully discharged solely because of a possibility the prior conviction will have collateral consequences. *Maleng*, 490 U.S. at 492.

Because Defendant was released from supervised release in January 2020 and

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 2

filed this petition in March 2020, she was not "in custody" for the purposes of § 2255 when she filed this motion and this Court lacks jurisdiction to review it. *See* 28 U.S.C. § 2255(a).[1] As such, this motion must be dismissed for lack of jurisdiction.

Accordingly, **IT IS HEREBY ORDERED**:

Defendant Judith A. Calhoun's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **ECF No. 187**, is **DISMISSED FOR LACK OF JURISDICTION**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant and counsel. The Court certifies that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**DATED** this 22nd day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

---

[1] The Court also declines to liberally construe this motion as a petition for writ of error *coram nobis* as Defendant has made no showing of the requirements for such a writ. *See Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (discussing requirements for *coram nobis* relief).

ORDER DISMISSING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DIRECTING RESPONSE IN PART – 3